```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
               Civil No. 12-3081(DSD/JJG)
```

Lee Gill,

        Petitioner,

v.                                    **AMENDED ORDER**[1]

Bruce Rieser, Warden,

        Respondent.

    Lee Gill, #203495, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, pro se.

    Matthew Frank, Esq., Jennifer R. Coates, Esq., Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101; Thomas A. Weist, Esq., Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487, counsel for respondent.

This matter is before the court upon the pro se objection[2] by petitioner Lee Gill to the August 21, 2013, report and recommendation of Magistrate Judge Jeanne J. Graham. Gill objects to the magistrate judge's recommendation that the court deny his petition for habeas corpus. After a de novo review of the file,

---

[1] The court amends its March 3, 2014, order to reflect the correct date of Gill's first revocation hearing. The hearing was held in September 2008. The previous order incorrectly noted that the hearing was held on September 28, 2010. See ECF No. 29, at 2.

[2] Gill also filed a largely-duplicative "motion to vacate" the report and recommendation. ECF No. 26. The court considers these two filings in tandem.

record and proceedings herein, and for the following reasons, the court finds that the report and recommendation correctly disposes of the petition.

## BACKGROUND

The background of this matter is fully set forth in the report and recommendation, and the court summarizes only those facts necessary to resolve the objection. In 1994, Gill pleaded guilty to second-degree murder in Minnesota court. See State v. Gill, No. A11-133, 2011 WL 3903259, at *1 (Minn. Ct. App. Sept. 6, 2011). The court sentenced Gill to 306 months imprisonment, but stayed execution of the sentence for 30 years, subject to certain conditions. See id. One such condition required Gill to obey all local, state, and national laws. See id.

On July 19, 2008, Minneapolis police officers responded to a domestic disturbance between Gill and his then-girlfriend, P.M. See id. As a result of the incident, the state sought to revoke Gill's probation. See id. P.M testified at the September 2008 revocation hearing that, on the night of the incident, Gill restrained her, held her arms down and closed his fists as if he was going to strike her. See id. A police officer testified that P.M. also told him that Gill had placed a pillow over her face and that she feared for her life. See id. Gill testified that P.M.

had accused him of infidelity, that she had stabbed him in the eye and that he never touched her except to restrain her from leaving the house to confront a third party. See id.

Following the hearing, the district court found that Gill had committed a probation violation and revoked his probation. See id. at *2. Gill appealed the revocation, and the Minnesota Court of Appeals remanded for additional findings. See id. Consequently, the district court made additional findings and again revoked Gill's probation. See id. Gill again appealed, and the Minnesota Court of Appeals remanded for a second time for additional clarification. See id.

At a hearing on the second remand, Gill informed the district court that P.M., in a previously-undisclosed statement given to police on July 30, 2008, had partially recanted her previous statements. See id. In that statement, P.M. told police that Gill held her down on the couch to prevent her from leaving, but did not place his hands on her neck. See id. P.M. also admitted to previously lying to police. See id. at *5.

After considering all the evidence related to the July 19, 2008, incident - including the recantation - the district court again revoked Gill's probation. See id. at *3. The district court concluded that, though Gill was not charged, probable cause existed to charge him with misdemeanor assault, and that Gill had violated the probation condition requiring him to obey all local, state and

3

national laws.  See id.  Gill again appealed, arguing in part that the failure to disclose the recantation amounted to a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963).  The Minnesota Court of Appeals considered the Brady argument and affirmed the revocation.  Gill, 2011 WL 3903259, at *6.

On December 11, 2012, Gill filed a petition for habeas corpus under 28 U.S.C. § 2254, alleging a deprivation of his due process rights based on the state's failure to disclose (1) the recantation and (2) allegedly-exculpatory photographs.  On August 21, 2013, the magistrate judge recommended that the court deny the petition and dismiss this matter with prejudice.  Gill objects.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).  A federal court may grant a state prisoner's habeas petition if the state court proceeding resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Gill raises no new arguments in his objection. Rather, Gill argues that the magistrate judge incorrectly analyzed the

requirements under Brady.  The magistrate judge correctly noted, however, that to establish a Brady violation, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  Strickler v. Greene, 527 U.S. 263, 281-82 (1999).  Here, Gill argues that the magistrate judge incorrectly concluded that he suffered no prejudice as a result of the failure to disclose the recantation.  Under Brady, however, prejudice cannot be shown "unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different" outcome.  Morales v. Ault, 476 F.3d 545, 554 (8th Cir. 2007) (citation and internal quotation marks omitted).

After a de novo review of the report and recommendation, the court finds that the magistrate judge correctly resolved the arguments relating to the alleged Brady violations.  The state district court, as the factfinder at the revocation hearing, considered all relevant evidence, including the recantation.  See Gill, 2011 WL 3903259, at *6.  After considering such evidence, the district court credited P.M.'s initial testimony and initial statements to the police.  Such credibility determinations are within the sound discretion of the factfinder.  See State v. Spanyard, 358 N.W.2d 125, 127 (Minn. Ct. App. 1984).  Because the

5

court was aware of and considered the recantation in its determination, Gill cannot demonstrate that he suffered prejudice as a result of the inadvertent nondisclosure. As a result, the court is not persuaded that the state court's consideration of Gill's <u>Brady</u> arguments was unreasonable or contrary to clearly-established law, and the objection is overruled.[3]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 25] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 22] is adopted in its entirety;

3. Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4. The motion to vacate [ECF No. 26] is denied;

5. This action is dismissed with prejudice; and

6. Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 17, 2014                s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court

---

[3] The magistrate judge also correctly noted that the claim relating to allegedly-undisclosed photographs is procedurally defaulted. As a result, to the extent that Gill persists in that argument, the objection is overruled.